Melcher Lumber Company, Respondent, vs. Gunderson, Appellant.

*March 11—April 5, 1927.*

*Guardian and ward: Purchases for benefit of ward's estate: Liability of guardian: Election of remedies: Filing claim against ward's estate.*

1. Where plaintiff at defendant's request had filed a claim against the estate of defendant's deceased ward for goods purchased by defendant for the benefit of the ward's estate, and the claim was allowed but not paid, plaintiff did not elect a remedy and estop himself from asserting his claim against the defendant personally. p. 573.
2. Under ordinary circumstances, where a guardian purchases goods for the benefit of his ward's estate he binds himself personally and not the estate. p. 573.

APPEAL from a judgment of the circuit court for Waushara county: BYRON B. PARK, Circuit Judge. *Affirmed.*

Action on contract against an administrator. Plaintiff is engaged in the sale of lumber, building materials, and farm supplies at Wautoma, Wisconsin. The defendant at the times in question was guardian of the person and estate of one Eben L. Pierce, an incompetent, and as such guardian was managing and operating his ward's farm. The defendant purchased goods from the plaintiff for his own personal use and also purchased goods for use on his ward's farm. At the request of the defendant, plaintiff opened two accounts, one with "James Gunderson" and another with "James Gunderson, Guardian of E. L. Pierce Farm."

The court found upon the trial, a jury having been waived, that the defendant bought clover seed from the plaintiff for his ward's farm, and at the time of said purchase defendant said it would have to be paid by the Pierce property and as there were no funds on hand interest would be paid; that the plaintiff extended credit to the defendant and kept the accounts in the form defendant wished them kept; that the goods and materials purchased by the defendant from the plaintiff were not paid for by him during the lifetime of his ward, and that after his said ward's death the defendant became administrator of said ward's estate and defendant requested plaintiff to file his claim against the said estate; that plaintiff did so, and the claim was allowed but never paid. The court found that the amount of goods purchased by the guardian was $219.05, and concluded as a matter of law that the defendant was personally liable for such goods and merchandise and directed judgment accordingly, from which judgment the defendant appeals.

For the appellant there was a brief by *Gad Jones* of Wautoma, attorney, and *John J. Wood* of Berlin, of counsel, and oral argument by *Mr. Jones.*

For the respondent there was a brief by *Goggins, Brazeau*

*& Graves* of Wisconsin Rapids, of counsel, and *Chas. T. Taylor* of Wautoma, attorney, and oral argument by *Theo. W. Brazeau.*

Rosenberry, J. The defendant urges (1st) that the court was in error in finding that the guardian of an incompetent was personally liable to the plaintiff; and (2d) that, if so liable, the filing and prosecution of the claim against the estate of the deceased ward estops the plaintiff from now setting up the claim that the defendant is personally liable. There is also some controversy as to the amount of the claim. Included in the judgment is an item upon which the defendant was personally liable, being goods bought for himself in addition to that upon which it is claimed he is personally liable for goods purchased for the account of his ward. The amount of the judgment is in accordance with the findings and undisputed evidence.

The defendant contends that by filing the claim in county court plaintiff elected a remedy which bars it from recourse to any other remedy and therefore the plaintiff cannot maintain this action. It is manifest that the bringing of an action against one of two or more persons who are liable is not an election of remedy as to those against whom no suit is brought. It further appears from the facts in this case that the claim was filed against the estate of the deceased ward at the special request of the defendant. The claim made involves a misconception of what constitutes an election of remedies. See *Rowell v. Smith,* 123 Wis. 510; 102 N. W. 1.

It is the general rule that a guardian cannot by his contract bind either the person or the estate of his ward, and that on all contracts made by him in the interest of and for the benefit of the ward, whether for the support and maintenance of the ward or in the management of the ward's estate, the guardian is personally and solely liable. See

28 Corp. Jur. p. 1165, § 281, and cases cited in note 90. To this rule there are exceptions, but the evidence produced in this case does not bring it within any of the exceptions. The evidence in this case indicates quite clearly that the plaintiff declined to extend credit to the incompetent or his estate, being fully aware of the fact that the estate was or might be insolvent.  The defendant being primarily liable upon the account, he was not discharged by the acts of the plaintiff done at his request and for his benefit.  Had the estate been solvent, the defendant might have paid the claim, taken credit for the payment in his accounting with the estate, or he might have done as he did do, request the plaintiff to file the account against the estate and have it allowed directly in a proper proceeding.  Under the facts of this case there is no estoppel which operates to prevent plaintiff from maintaining that the defendant is personally liable.

*By the Court.*—Judgment affirmed.